# Exhibit 1

**[Submitting counsel listed on signature page]**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al., | Case No. 2:20-CV-03258-AB-GJS |
| Plaintiffs, | **SETTLEMENT AGREEMENT** |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, ANIMAL AND PLANT HEALTH INSPECTION SERVICE, VETERINARY SERVICES, et al., | |
| Defendants. | |

WHEREAS, the Humane Society of the United States, Mercy for Animals, and Farm Sanctuary ("Plaintiffs"), brought claims pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, alleging violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4347, and its implementing regulations, against the U.S. Department of Agriculture, Animal and Plant Health Inspection Service, Veterinary Services ("APHIS-Veterinary Services"), Kevin Shea, Rosemary Sifford[1], and Mark Davidson, in their official capacities (jointly, "Federal Defendants");

WHEREAS, Plaintiffs' claims allege that APHIS-Veterinary Services' December 2015 Final Environmental Assessment entitled "High Pathogenicity Avian Influenza Control in Commercial Poultry Operations—A National Approach" ("challenged final EA") and the corresponding Finding of No Significant Impact ("challenged FONSI") violate NEPA and the APA;

---

[1] Dr. Rosemary Sifford has replaced Dr. Burke Healey as Deputy Administrator. Because Dr. Healey was sued in his official capacity, his successor, Dr. Sifford, is substituted in as a defendant pursuant to Fed. R. Civ. Pro. 25(d).

*HSUS v. USDA, APHIS*, No. 2:20-cv-03258, SETTLEMENT AGREEMENT -- 1

WHEREAS, on July 28, 2021, Federal Defendants published a notice in the *Federal Register* (86 Fed. Reg. 40444) withdrawing the challenged final EA and FONSI, and Federal Defendants believe, yet Plaintiffs contend otherwise, that the claims brought by Plaintiffs regarding the challenged final EA and FONSI are now moot;

WHEREAS, Plaintiffs and Federal Defendants (jointly, "Parties") have engaged in good faith settlement negotiations in an effort to avoid the time and expense of further litigation;

WHEREAS, although Federal Defendants do not admit the allegations or claims set forth in Plaintiffs' First Amended Complaint, and Plaintiffs do not concede that the claims presented in the First Amended Complaint lack merit, the Parties, through their authorized representatives, have reached a settlement that they believe is in the public interest and consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' First Amended Complaint;

NOW THEREFORE, it is hereby agreed to by the Parties as follows:

1. <u>Environmental Impact Statement.</u>  APHIS-Veterinary Services will prepare an Environmental Impact Statement ("EIS") consistent with NEPA on its High Pathogenicity Avian Influenza ("HPAI") outbreak response activities in commercial poultry operations.

    a. APHIS-Veterinary Services will sign the Record of Decision ("ROD") associated with the EIS by the earlier of either: (1) Thirty months following publication in the *Federal Register* of the Notice of Intent associated with the EIS; or (2) December 1, 2024. APHIS-Veterinary Services will timely publish the signed ROD in accordance with the Council on Environmental Quality's Regulations Implementing the Procedural Requirements of NEPA

(40 C.F.R. §§ 1500-1508).  If APHIS-Veterinary Services anticipates that it will be unable to meet the deadline set out in this Paragraph, APHIS-Veterinary Services will confer with Plaintiffs regarding the estimated time for completing the actions specified in the first sentence of this Paragraph.  If the Parties cannot agree, Federal Defendants reserve the right to move the Court to seek to modify the Agreement to extend the time for completion of the actions specified in the first sentence of this Paragraph pursuant to Paragraph 4 below.  Plaintiffs reserve the right to oppose any such extension.

2. Attorneys' Fees, Costs, and Expenses.  The Parties have agreed to settle any and all of Plaintiffs' claims for attorneys' fees, costs, and expenses associated with this litigation for a lump sum payment of $64,000 in full and complete satisfaction of any and all claims, demands, rights, and causes of action Plaintiffs may have for the recovery of attorneys' fees or litigation costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 2412 *et seq.* or any other statute.  The payment of the $64,000 releases the Federal Defendants from any claims regarding such fees and costs that Plaintiffs have asserted or could have asserted under any law in connection with this matter. This Agreement represents the entirety of the undersigned Parties' commitments with regard to settlement of claims for attorneys' fees, costs, and expenses.  Plaintiffs and their attorneys agree to hold harmless Federal Defendants in any litigation, further suit, or claim arising from the payment of the $64,000 in attorneys' fees, costs, and expenses.

3. Modification.  This Agreement may be modified by written stipulation between the Parties.  In the event that either Party seeks to modify the terms of this

*HSUS v. USDA, APHIS*, No. 2:20-cv-03258, SETTLEMENT AGREEMENT -- 3

Agreement, the Party seeking modification will confer at the earliest possible time with the other Party.

  4. <u>Dispute Resolution</u>.  In the event of a dispute among the Parties concerning the interpretation or implementation of any aspect of this Agreement, the disputing Party shall provide the other Party with written notice outlining the nature of the dispute and requesting informal negotiations.  The Parties agree that they will meet and confer (telephonically or via an online platform) at the earliest possible time in a good-faith effort to resolve the dispute.  If the Parties are unable to resolve the dispute themselves after 60 days following receipt of written notice requesting informal negotiations, or such longer time agreed to by the Parties, either Party may initiate legal action to resolve the dispute.  In the event that Plaintiffs believe that APHIS-Veterinary Services has failed to comply with a term of this Agreement and APHIS-Veterinary Services has not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement. No motion or other proceeding seeking to enforce this Agreement or for contempt of court shall be properly filed unless the Party seeking to enforce this Agreement has followed the procedure set forth in this Paragraph, and the Party believes there has been noncompliance with an order of the Court.  In addition, this Agreement shall not be enforceable through a proceeding for contempt of court.

  5. <u>Subsequent NEPA Challenges</u>.  Nothing in this Agreement precludes any challenge by Plaintiffs to the validity or sufficiency of the future NEPA review and analysis completed pursuant to Paragraph 1 above.  The Parties agree that this Agreement does not extend the Court's jurisdiction to hear any dispute over the validity or sufficiency of any such subsequent NEPA review and analysis.  Any such challenges shall be made in a new lawsuit only upon completion of the entire NEPA process following the issuance of APHIS-Veterinary Services' EIS and ROD for its HPAI outbreak response activities in commercial poultry operations.

For any such challenge, judicial review will be conducted only to the extent allowed by, and pursuant to, the judicial review provisions of the APA.

6. <u>Offsetting Debts</u>.   Under 31 U.S.C. §§ 3711, 3716; 26 U.S.C. § 6402(d); 31 C.F.R. §§ 285.5, 901.3; and other authorities, the United States will offset against the payment made pursuant to this Agreement Plaintiffs' delinquent debts to the United States, if any.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

7. <u>Compliance with Other Laws</u>.  Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Federal Defendants obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law.  Nothing in this Agreement shall be construed to deprive a federal official of authority to revise, amend, or promulgate regulations.  Nothing in this Agreement is intended to, or shall be construed to, waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the APA; or to otherwise extend or grant this Court jurisdiction to hear any matter, except as expressly provided in the Agreement.  Except as set forth in this Agreement, the Parties retain all rights, claims, defenses, and discretion they may otherwise have.  Except as expressly provided in this Agreement, nothing herein shall be construed to limit or modify any discretion accorded Federal Defendants by statute, regulation or by general principles of administrative law.

8. <u>Mutual Drafting and Other Provisions</u>.
   a. It is hereby expressly understood and agreed that this Agreement was jointly drafted by Plaintiffs and Federal Defendants.  Accordingly, the Parties hereby agree that any and all rules of construction, to the effect that ambiguity is construed against the drafting party, shall be

        inapplicable in any dispute concerning the terms, meaning, or interpretation of the Agreement.

    b. This Agreement contains all of the agreements between Plaintiffs and Federal Defendants, and is intended to be and is the final and sole agreement between Plaintiffs and Federal Defendants concerning the complete and final resolution of Plaintiffs' claims.  Plaintiffs and Federal Defendants agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Agreement, whether written or oral, are of no further legal or equitable force or effect.  Any subsequent modifications to this Agreement must be in writing, and must be signed and executed by Plaintiffs and Federal Defendants.

    c. This Agreement is the result of compromise and settlement and does not constitute an admission, implied or otherwise, by any Party to any fact, claim, or defense on any issue in this litigation.  This Agreement has no precedential value and shall not be cited or otherwise used as evidence by either Party in any other litigation or administrative proceeding except as necessary to enforce the terms of this Agreement.

9. <u>Force Majeure</u>.  The Parties understand that notwithstanding their efforts to comply with the commitments contained herein, events beyond their control may prevent or delay such compliance.  Such events may include natural disasters as well as unavoidable legal barriers or restraints, including those arising from actions of persons or entities that are not party to this Agreement.

10. <u>Representative Authority</u>.  The undersigned representative of each Party certifies that he or she is fully authorized by the Party he or she represents to enter

into the terms and conditions of this Agreement and to legally bind that Party to the terms of this Agreement.

11. <u>Dismissal.</u> Concurrently with this Agreement, the Parties shall file a stipulation requesting dismissal of all claims in this action with prejudice. That stipulation will also request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any disputes arising under this Agreement and any motions to modify any of its terms. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).

12. <u>Effective Date.</u> The terms of this Agreement shall become effective upon entry of an Order Dismissing the Case. The Parties agree that this Agreement may be executed in one or more counterparts, each of which shall constitute an original, and all of which, taken together, shall constitute the same instrument. Facsimile or scanned signatures submitted by electronic mail shall have the same effect as an original signature in binding the parties.

Dated: May 31, 2022

Respectfully submitted,

**TODD KIM**
**Assistant Attorney General**

*/s/ Paul G. Freeborne*
PAUL G. FREEBORNE
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Temp. Tel: (202) 532-5271
Fax: (202) 305-0506
paul.freeborne@usdoj.gov

*Attorneys for Federal Defendants*

**SHEARMAN & STERLING LLP**

By: *Sophie Zander*
Sophie Zander (*admitted pro hac vice*)
John Gueli
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000
jgueli@shearman.com
sophia.zander@shearman.com

*Attorneys for Plaintiffs The Humane Society of the United States, Mercy For Animals, and Farm Sanctuary*

**THE HUMANE SOCIETY OF THE UNITED STATES**

By: *Peter Brandt*
Peter Brandt
Laura J. Fox (*admitted pro hac vice*)
1255 23rd Street, NW, Suite 450
Washington, DC 20037
(202) 452-1100
pbrandt@humanesociety.org
lfox@humanesociety.org

*Attorneys for Plaintiff Humane Society of the United States*